NOT DESIGNATED FOR PUBLICATION

No. 127,992

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KYLE E. FISTLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Rice District Court; LISA BERAN, judge. Opinion filed August 1, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before COBLE, P.J., ISHERWOOD and HURST, JJ.

PER CURIAM: Kyle E. Fistler appeals the district court's revocation of his probation and imposition of his underlying prison term. This court granted Fistler's motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48), and the State failed to respond.

After reviewing the record and finding no error, the district court's judgment is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2023, Fistler pled no contest to one count each of aggravated burglary, aggravated battery, and conspiracy to commit aggravated robbery for acts he committed

1

in February 2020. At sentencing, the district court granted Fistler a downward dispositional departure to probation and sentenced him to 36 months of probation with an underlying controlling prison term of 77 months.

Fistler did not do well on probation. In the four months after his sentencing hearing, the State accused Fistler of a litany of probation violations—including consuming alcohol, ingesting marijuana and methamphetamine, and failing to report as directed. Fistler waived his right to a hearing, admitted to the alleged violations, and accepted his intensive supervision officer's (ISO) 2-day intermediate jail sanction.

Fistler's ISO later filed an affidavit alleging additional probation violations, including ingesting marijuana, methamphetamine, and alcohol, and failing to start an outpatient substance abuse treatment program as required. At the subsequent probation violation hearing, Fistler admitted to the alleged violations. The district court decided to stay disposition to give Fistler an opportunity to receive a new drug and alcohol evaluation and treatment recommendation. When delaying the disposition, the district court admonished Fistler and warned him that it would not accept "any excuses about when it is or that you couldn't get there or whatever" and that "you're going to go, unless you are literally on your death bed." The court then explained that it expected Fistler to comply with the recommendations from that evaluation, whether they be inpatient or outpatient. The district court's associated journal entry further warned that if Fistler violated his probation again, his probation would be revoked and he would be ordered to serve his underlying 77-month prison term.

About four months later, Fistler appeared for disposition on his outstanding probation violations. In the meantime, and less than a year after Fistler was granted probation, he had been charged in a new criminal case with four drug-related offenses, including possession of methamphetamine with intent to distribute. Fistler's ISO filed another affidavit alleging additional probation violations, including submitting a

urinalysis positive for methamphetamine, submitting an oral swab positive for methamphetamine and amphetamine, failing to complete outpatient substance abuse treatment, and failing to complete a required training due to his arrest—all in addition to his new criminal case.

The district court ultimately revoked Fistler's probation and offered a thorough explanation of its reasoning from the bench. The court explained that it originally granted Fistler a dispositional departure, and thus his probation was subject to revocation if he failed to maintain the conditions of his probation. The court highlighted Fistler's multiple probation violations, how the court and Fistler's family wanted to support his substance abuse recovery, and that the court had already given him a second chance. Ultimately, the court felt it had little choice but to revoke Fistler's probation and impose the underlying sentence.

The district court's subsequent journal entry indicated it bypassed the intermediate sanctioning scheme because Fistler's probation was originally granted as the result of a dispositional departure. See K.S.A. 22-3716(c)(7)(B). Fistler appealed.

DISCUSSION

Fistler was not entitled to probation. When probation is not prescribed by law but is granted because of a dispositional departure—as was the case here—it is a privilege and generally considered an act of grace. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). However, once granted the defendant remains entitled to probation unless they violate the conditions of that probation. Once a probation violation has been established, the district court has wide discretion to impose sanctions or revoke probation and impose the underlying sentence unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Therefore, this court reviews "the propriety of the sanction for a probation violation imposed by the district court for an abuse of

3

discretion." 315 Kan. at 328. "A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an error of fact." 315 Kan. at 328. Fistler bears the burden of establishing such abuse of discretion. 315 Kan. at 328.

After establishing a probation violation, the district court may revoke an offender's probation without first imposing an intermediate sanction when the offender's probation was originally granted because of a dispositional departure. K.S.A. 22-3716(c)(7)(B); see also *Tafolla*, 315 Kan. at 331. Rather, "[t]he plain language of this statutory subsection authorizes the district court to revoke an offender's probation without having previously imposed intermediate sanctions if the probation originally was granted as a result of a dispositional departure." 315 Kan. at 331. Moreover, "the dispositional departure statutory exception does not require particularized findings." 315 Kan. at 331.

Fistler asserts that the district court abused its discretion in revoking his probation but does not allege the court made an error of law or fact. Therefore, this court may only reverse the district court's decision if it was so unreasonable as to be an abuse of discretion.  See *Tafolla*, 315 Kan. at 328. The question is not whether this panel would have reached a different decision but rather whether *no reasonable person* would have agreed with the district court's decision. Fistler faced a lengthy presumptive prison term, but the district court granted him probation and an opportunity to avoid prison by simply complying with the terms of probation—including obtaining a drug assessment and remaining drug-free. Fistler squandered the opportunity by quickly—within the first few months—and repeatedly violating the conditions of his probation in several ways. Moreover, Fistler's unwillingness to comply with the conditions of his probation persisted even after his ISO imposed a two-day intermediate jail sanction and the district court warned him that any further violations would result in his probation getting revoked.

4

This court simply cannot say that no reasonable person would have agreed with the district court's decision to revoke Fistler's probation and order him to serve his underlying prison term. It was not unreasonable for the court to conclude that continuing Fistler's probation would not produce a different result. The district court therefore did not abuse its discretion in revoking Fistler's probation and ordering him to serve his underlying sentence.

Affirmed.